UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JASMINE TORO,
                        Plaintiff,

               -v-

CRABTREE & EVELYN, LTD.,
                        Defendant.

22-CV-6088 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

      This action is dismissed without prejudice for failure to prosecute. On July 18, 2022, Plaintiff Jasmine Toro sued Defendant Crabtree & Evelyn, Ltd. asserting claims under Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181, et seq., New York State Human Rights Law, N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law, N.Y.C. Administrative Code § 8-101 et seq. (*See* ECF No. 1.) On January 13, 2023, Plaintiff filed a proposed default judgment against Defendant. (*See* ECF No. 14.) The docket did not reflect service of the motion for default judgment on Defendant. On June 23, 2023, the Court ordered Plaintiff to file a letter by June 27, 2023, advising the Court as to the status of service of Plaintiff's motion for default judgment. (*See* ECF No. 16.) Plaintiff did not file a letter. On October 13, 2023, the Court directed Plaintiff to respond within 7 days to the Court's order dated June 23, 2023, and warned Plaintiff that failure to respond would result in a dismissal of this case for failure to prosecute. (*See* ECF No. 17.) To date, Plaintiff has failed to respond to the Court's orders dated June 23, 2023, and October 13, 2023.

      Federal Rule of Civil Procedure 41(b) authorizes a district court to dismiss an action "if the plaintiff fails to prosecute or to comply with the rules or a court order." *Baptiste v. Sommers*, 768 F.3d 212, 216 (2d Cir. 2014). It is settled that Rule 41(b) "gives the district court authority

to dismiss a plaintiff's case *sua sponte* for failure to prosecute." *LeSane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001).  Dismissal without prejudice is appropriate here.  Plaintiff was "given notice that further delay would result in dismissal," *U.S. ex rel. Drake v. Norden Sys., Inc.*, 375 F.3d 248, 254 (2d Cir. 2004), and there is prejudice where Plaintiff has caused an "unreasonable delay." *Lesane*, 239 F.3d at 210.  Dismissal without prejudice appropriately strikes a balance "between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard." *Id.* at 209.

Accordingly, this action is dismissed without prejudice to refiling.

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: November 30, 2023
New York, New York

_____
J. PAUL OETKEN
United States District Judge